■ CHARLES CHALOM et al., Respondents-Appellants, v ROBERT LIPARELLI et al., Defendants, and STUART GOLDSTEIN et al., Appellants-Respondents. [654 NYS2d 331] —In an action, inter alia, to recover damages for fraud and breach of fiduciary duty, the defendants Samuel Goldstein & Co., P. C., Michael Goldstein, and Stuart Goldstein appeal from so much of an order of the Supreme Court, Nassau County (Roberto, J.), dated June 28, 1994, as denied that branch of their cross motion which was for summary judgment dismissing the plaintiffs' cause of action to recover damages for fraud based on an undisclosed broker's commission and/or finder's fee they received from the defendant Robert Liparelli. The plaintiffs cross-appeal from so much of the same order as granted those branches of the motion of Samuel Goldstein & Co., P. C., Michael Goldstein, and Stuart Goldstein which were for summary judgment dismissing their causes of action to recover damages for fraud regarding certain financial forecasts and an appraisal.

breach of fiduciary duty, the plaintiffs appeal from (1) an order of the Supreme Court, Nassau County (Roberto, J.), entered January 16, 1996, which granted the motion of the defendants Samuel Goldstein & Co., P. C., Michael Goldstein, and Stuart Goldstein for summary judgment dismissing the complaint insofar as asserted against them and (2) an order of the same court, entered January 18, 1996, which denied their motion to renew those branches of the prior cross motion of the defendants Samuel Goldstein & Co., P. C., Michael Goldstein, and Stuart Goldstein which were for partial summary judgment dismissing the plaintiffs' causes of action to recover damages for fraud regarding certain financial forecasts and an appraisal which were granted by order dated June 28, 1994.

Ordered that the orders are affirmed, with one bill of costs to the third-party defendant-respondent.

By contract, dated January 18, 1990, the plaintiff H.C.C. Acquisition Corp. (hereinafter H.C.C.) purchased the shares of stock of Hustedt Chevrolet, an automobile dealership (hereinafter Hustedt), from the defendant Robert Liparelli. By a separate contract also dated January 18, 1990, H.C.C. agreed to purchase the real property upon which the automobile dealership was located from the defendant Rock Island Realty Corp. By a separate contract also dated January 18, 1990, the plaintiff M.C.C. Acquisition Corp. (hereinafter M.C.C.) purchased a parcel of real property adjoining the automobile dealership from the defendant Rock Island Realty Corp. The plaintiff Charles Chalom is the president of H.C.C. and M.C.C. The defendants-appellants Samuel Goldstein & Co., P. C., Michael Goldstein, and Stuart Goldstein (hereinafter the Goldsteins), supplied certain financial information concerning the dealership to the plaintiffs including, *inter alia*, income forecasts. In February 1992, the plaintiffs commenced this action against, among others, the Goldsteins alleging breach of fiduciary duty and fraud. The plaintiffs alleged that the Goldsteins knowingly and intentionally supplied false and misleading information about the dealership in order to induce the plaintiffs' purchase. On this appeal, the plaintiffs argue that the Supreme Court incorrectly granted summary judgment in favor of the Goldsteins on the issue of damages and dismissed the complaint as against them. We now affirm.

In support of their motion for summary judgment, the Goldsteins proffered competent evidence sufficient to support a finding that the plaintiffs had not suffered damages from the subject purchases. This shifted the burden to the plaintiffs to proffer competent evidence sufficient to raise a triable issue of

fact as to damages (*see, Zuckerman v City of New York*, 49 NY2d 557). However, the only competent evidence proffered by the plaintiffs were two experts affidavits concerning the value of the stock of Hustedt. This evidence was insufficient to warrant the denial of summary judgment.

The intention of the parties, as evidenced, *inter alia*, by their conduct and the express provisions of the subject contracts, was that the purchase of the dealership and the purchase of the two parcels of real property were to be considered a single transaction. Here, even accepting as accurate the figures proffered by the plaintiffs' experts concerning the value of the Hustedt stock and assuming, arguendo, that the value assigned the stock in the contracts was intended to reflect its actual value, the plaintiffs still would not have suffered damages on the transaction as a whole. Accordingly, the trial court properly granted summary judgment in favor of the Goldsteins.

In light of the foregoing analysis, the court did not improvidently exercise its discretion in denying the plaintiffs' motion to renew. Ritter, J. P., Thompson, Friedmann and McGinity, JJ., concur.