09-4414-cv
Fezzani v. Bear, Stearns & Co.

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1.  When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order").  A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7ᵗʰ day of May, two thousand thirteen.

PRESENT:

RALPH K. WINTER,
JOSÉ A. CABRANES,
RAYMOND J. LOHIER, JR.,
  *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MOHAMMED FEZZANI, CIRENACA FOUNDATION, DR. VICTORIA BLANK, LESTER BLANK, JAMES BAILEY, JANE BAILEY, BAYDEL LTD., MARGARET BURGESS, PATRICK BURGESS, BOOTLESVILLE TRUST, and ADAM CUNG,

  *Plaintiffs-Appellants*,

  v.  No. 09-4414-cv

BEAR, STEARNS & CO. INC., BEAR STEARNS SECURITIES CORP., RICHARD HARRITON, MORRIS WOLFSON, ARIELLE WOLFSON, ABRAHAM WOLFSON, TOVIE WOLFSON, ANDERER ASSOCIATES, BOSTON PARTNERS, WOLFSON EQUITIES, TURNER SCHARER, CHAN SASHA FOUNDATION, UNITED CONGREGATION MESERAH, ISAAC DWECK, Individually and as Custodian for NATHAN DWECK, BARBARA DWECK, MORRIS I. DWECK, RALPH I. DWECK,

JACK DWECK, FAHNESTOCK & CO. INC., BARRY GESSER, MICHAEL REITER, and APOLLO EQUITIES,

*Defendants-Appellees*,

ARTHUR BRESSMAN, ANDREW BRESSMAN, RICHARD ACOSTA, GLENN O'HARE, JOSEPH SCANNI, BRETT HIRSCH, GARVEY FOX, MATTHEW HIRSCH, RICHARD SIMONE, CHARLES PLAIA, JOHN MCANDRIS, JACK WOLYNEZ, ROBERT GILBERT, FIRST HANOVER SECURITIES, INC., BANQUE AUDI SUISSE GENEVE, FOZIE FARKASH, RAWAI RAES, BASIL SHIBLAQ, IYAD SHIBLAQ, KEN STOKES, MILLO DWECK, BEATRICE DWECK, RICHARD DWECK, ISAAC B. DWECK, HANK DWECK, and DONALD & CO.,

*Defendants*.[1]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR APPELLANTS:** MAX FOLKENFLIK, Folkenflik & McGerity, New York, NY.

**FOR APPELLEES:** KERRY A. DZIUBEK (Michael D. Schissel and Jonathan N. Francis, *on the brief*), Arnold & Porter LLP, New York, NY, *for appellees* Bear, Stearns & Co. Inc. and Bear Stearns Securities Corp.

HOWARD WILSON (John H. Snyder, *on the brief*), Proskauer Rose LLP, New York, NY, *for appellee* Richard Harriton.

DONALD A. CORBETT (Ira Lee Sorkin and Daniel K. Roque, *on the brief*), Lowenstein Sandler PC, New York, NY, *for appellees* Morris Wolfson, Arielle Wolfson, Aaron Wolfson, Abraham Wolfson, Tovie Wolfson, Anderer Associates, Boston Partners, Wolfson Equities, Turner Scharer, Chan Sasha Foundation, and United Congregation Meserah.

DONALD N. COHEN (Timothy E. Di Domenico, *on the brief*), Greenberg Traurig, LLP, New York, NY, *for appellees* Isaac R. Dweck, Individually and as Custodian for Nathan Dweck, Barbara Dweck, Morris I. Dweck, Ralph I. Dweck, and Jack Dweck.

---

[1] The Clerk of Court is directed to amend the caption to read as shown above.

THOMAS J. QUIGLEY (Christopher J. Paolella, *on the brief*), Winston & Strawn LLP, New York, NY, *for appellee* Fahnestock & Co. Inc.

STEPHEN WAGNER, Cohen Tauber Spievack & Wagner P.C., New York, NY, *for appellee* Michael Reiter.

No appearance by Barry Gesser or Apollo Equities.

Appeal from a September 22, 2008 order and a September 30, 2009 judgment entered in the United States District Court for the Southern District of New York (Paul A. Crotty, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED IN PART** and **VACATED IN PART AND REMANDED** for further proceedings consistent with this order.

The instant action began on February 2, 1999, when Mohammed Fezzani, Cirenaca Foundation, Dr. Victoria Blank, Lester Blank, James Bailey, Jane Bailey, Baydel Ltd., Margaret Burgess, Patrick Burgess, Bootlesville Trust, and Adam Cung (jointly "plaintiffs") filed suit against more than fifty corporate and individual defendants. The complaint asserted claims for securities fraud, market manipulation, RICO, aiding and abetting breach of fiduciary duty, and common law fraud, all arising out of the criminal conduct of A.R. Baron & Co. ("Baron"), a now-defunct broker-dealer. From 1992 to 1996, Baron manipulated the share prices of a few small, unknown companies that it helped to take public.[1] The complaint accused the defendants—each in various ways through different capacities—of assisting Baron in perpetuating its securities fraud.

Plaintiffs filed their First Amended Complaint on April 7, 2005. The Amended Complaint included all of the previously named defendants, broken into six groups: (1) the Baron defendants;[2]

---

[1] Baron is without assets and its former officers, directors, and key employees have been found guilty of various crimes. *Fezzani v. Bear, Stearns & Co.*, 592 F. Supp. 2d 410, 416 (S.D.N.Y. 2008).

[2] Baron executives and employees, none of whom are before us on this appeal.

3

(2) the Bear Stearns defendants;[3] (3) Fahnestock & Co. Inc. ("Fahnestock"); (4) the Dweck defendants;[4] (5) the Wolfson defendants;[5] and (6) the Apollo defendants.[6] The causes of action also remained unchanged, except that plaintiffs dropped one aspect of their market manipulation claim—based on Section 9 of the Securities Exchange Act—and added a claim for civil conspiracy to commit fraud. Once again, different causes of action were advanced against different groupings of defendants.

On September 22, 2008, the District Court granted the motions to dismiss of all defendants, save for the Apollo defendants. *Fezzani v. Bear, Stearns & Co.*, 592 F. Supp. 2d 410 (S.D.N.Y. 2008). A year later, the District Court dismissed the entire action *sua sponte* after the case had been dormant for nearly a year. Plaintiffs now appeal these separate orders. We decide plaintiffs' appeal with respect to the Dwecks in an opinion filed simultaneously with this summary order, and we address the remainder of the appeal in this summary order. We assume the parties' familiarity with the facts, procedural history, and legal issues currently before us.

**DISCUSSION**

We review *de novo* a district court's dismissal of a complaint for failure to state a claim under Rule 12(b)(6). *Selevan v. N.Y. Thruway Auth.*, 584 F.3d 82, 88 (2d Cir. 2009). "In conducting this review, we assume all 'well-pleaded factual allegations' to be true, and 'determine whether they plausibly give rise to an entitlement to relief.'" *Id.* (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950

---

[3] Bear, Stearns & Co. Inc., Bear Stearns Securities Corp., and Richard Harriton. On October 1, 2008, during the pendency of this litigation, Bear, Stearns & Co. Inc. changed its name to J.P. Morgan Securities Inc. and Bear, Stearns Securities Corp. changed its name to J.P. Morgan Clearing Corp.

[4] Isaac R. Dweck, individually and as a custodian for Nathan Dweck, Barbara Dweck, Morris I. Dweck, Ralph I. Dweck, and Jack Dweck.

[5] Morris Wolfson, Arielle Wolfson, Aaron Wolfson, Abraham Wolfson, Tovie Wolfson, Anderer Associates, Boston Partners, Wolfson Equities, Turner Scharer, Chana Sasha Foundation, and United Congregation Mesarah.

[6] Apollo Equities, Barry Gesser, and Michael Reiter.

4

(2009)).  A complaint alleging securities fraud must satisfy Rule 9(b), which requires that "the circumstances constituting fraud . . . shall be stated with particularity."  Fed. R. Civ. P. 9(b).  Additionally, we have interpreted the pleading standards of the Private Securities Litigation Reform Act, codified at 15 U.S.C. § 78u-4(b), to require that a defendant's intent be pleaded and based on "facts [either] (1) showing that the defendants had both motive and opportunity to commit the fraud or (2) constituting strong circumstantial evidence of conscious misbehavior or recklessness."  *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 99 (2d Cir. 2007).

Having conducted an independent and *de novo* review of the record in light of these principles, we affirm the judgment of the District Court as it concerns the Bear Stearns defendants and Fahnestock for substantially the reasons stated by the District Court it its thorough opinion.  *Fezzani v. Bear, Stearns & Co.*, 592 F. Supp. 2d 410 (S.D.N.Y. 2008).  This leaves only plaintiffs' claims against the Wolfson defendants and Apollo defendants for our review in this summary order.

III. The Wolfson Defendants

The Wolfsons[7] are investors who are alleged to have made an express agreement with Baron to help facilitate Baron's fraud by engaging in manipulative "wash sales" and stock parking in exchange for sweetheart stock purchasing opportunities and other agreements.  The Wolfsons, who are also alleged to have invested in Baron, were accused of (1) committing securities fraud in violation of Section 10(b) and Rule 10b-5, based on alleged material misrepresentations and omissions; (2) committing securities fraud in violation of Section 10(b) and Rule 10b-5, based on alleged market manipulation; and (3) committing various types of state law fraud.

Plaintiffs do not pursue their material misrepresentation claim against the Wolfson defendants on appeal, and they also acknowledge that their market manipulation claim is foreclosed

---

[7]  The complaint speaks generally about the activities of "the Wolfsons" but seems to focus primarily on Morris, Aaron, and Abraham Wolfson.

5

by the relevant statute of limitations (since all of the relevant stock "parking," etc., took place prior to February 2, 1996, more than three years before the complaint was first filed).

This leaves only the state law claims—civil conspiracy to defraud and aiding and abetting fraud—to consider.[8] Although a close call, after reviewing the complaint, we are persuaded that plaintiffs sufficiently pleaded with particularity the involvement of Morris, Aaron, and Abraham Wolfson in the alleged conspiracy such that plaintiffs can survive a motion to dismiss as to these three defendants' state law claims only.[9]

IV. The Apollo Defendants

The District Court's order of September 22, 2008, granted every defendant's motion to dismiss save for that of the Apollo defendants. However, plaintiffs took absolutely no action on this pending matter for over a year, when the District Court *sua sponte* dismissed the action.

We review a district court's decision to dismiss an action for failure to prosecute for an abuse of discretion. *See Shannon v. GE*, 186 F.3d 186, 193 (2d Cir. 1999). In making this determination, we examine five principal factors: (1) the duration of the plaintiff's failures, (2) whether plaintiff had received notice that further delays would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay, (4) whether the district judge has taken care to strike the appropriate balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard, and (5) whether the judge has adequately assessed the efficacy of lesser sanctions. *Id.* at 193-94.

The District Court's terse *sua sponte* order was given without notice and was not accompanied by any meaningful justification or explanation. However, this matter has been pending since early

---

[8] The relevant statute of limitations for the state law claims is six years.

[9] It was appropriate for the District Court to retain jurisdiction over these state claims for the reasons expressed in its earlier opinion. *See Fezzani*, 592 F. Supp. 2d at 431.

6

1999.  Most importantly, on appeal, plaintiffs offer *no* compelling justification or explanation whatsoever for their delay.  Accordingly, we find no error in the District Court's decision to dismiss plaintiffs' claims against the Apollo defendants.

## CONCLUSION

For the foregoing reasons, the judgment of the District Court is hereby **AFFIRMED** as to every defendant save for the Dwecks, Morris Wolfson, Aaron Wolfson, and Abraham Wolfson.  The judgment of the District Court dismissing plaintiffs' state law claims against Morris Wolfson, Aaron Wolfson, and Abraham Wolfson for civil conspiracy to defraud and aiding and abetting fraud are hereby **VACATED**.

The cause is **REMANDED** to the District Court for proceedings consistent with this order.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court