*Fezzani v. Dwecke*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13ᵗʰ day of August, two thousand nineteen.

PRESENT:    JOHN M. WALKER, JR.,
            JOSÉ A. CABRANES,
            PETER W. HALL,
                        *Circuit Judges.*

---

MOHAMMED FEZZANI, CIRENACA FOUNDATION, VICTORIA BLANK, LESTER BLANK, JAMES BAILEY, JANE BAILEY, BAYDEL LIMITED, MARGRET BURGESS, PATRICK BURGESSS, BOOTLESVILLE TRUST, ADAM CUNG,

        *Plaintiffs-Appellants,*

        v.                              18-1354

ISAAC R. DWECK, INDIVIDUALLY AND AS CUSTODIAN FOR NATHAN DWECK, BARBARA DWECK, MORRIS I. DWECK, RALPH I. DWECK, MORRIS WOLFSON, AARON WOLFSON, ABRAHAM WOLFSON, JACK DWECK,

        *Defendants-Appellees,*

ANDREW BRESSMAN, BEAR STEARNS & CO. INC., ARTHUR BRESSMAN, BEAR STEARNS SECURITIES CORPORATION, RICHARD ACOSTA, RICHARD HARRINGTON, GLENN O'HARE, JOSEPH SCANNI, BRETT HIRSCH, GARVEY FOX, MATTHEW HIRSCH,

RICHARD SIMONE, CHARLES PLAIA, ARIELLE WOLFSON JOHN MCANDRIS, JACK WOLYNEZ, TOVIE WOLFSON, ROBERT GILBERT, ANDERER AND ASSOCIATES, FIRST HANOVER SECURITIES INC., BOSTON PARTNERS, BANQUE AUDI SUISSE GENEVE, WOLFSON EQUITIES, FOZIE FARKASH, TURNER SCHARER, RAWAI RAES, CHANA SASHA FOUNDATION, BASIL SHIBLAQ, UNITED CONGRETION MESARAH, IYAD SHIBLAQ, FAHNESTOCK & COMPANY, INC., KEN STOKES, BARRY GRESSER, MILLO DWECK, MICHAEL REITER, BEATRICE DWECK, APOLLO EQUITIES, RICHRD DWECK, ISAAC B. DWECK, HANK DWECK, DONALD & CO.,

*Defendants.*

---

Appearing for *Plaintiffs-Appellants*:    MAX FOLKENFLIK, Folkenflik & McGerity LLP, New York NY.

Appearing for *Defendants-Appellees*    ROBERT A. HOROWITZ, Greenberg Traurig, LLP, New York, NY, *for the Dweck Defendants.*

TERENCE W. MCCORMICK (Ira Lee Sorkin, *on the brief*), Mintz & Gold LLP, New York, NY, *for the Wolfson Defendants.*

Appeal from a judgment of the United States District Court for the Southern District of New York (Crotty, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the January 10, 2018 judgment is **VACATED** and the case is **REMANDED** for further proceedings.

Plaintiffs-Appellants appeal the entry of summary judgment in favor of Defendants-Appellees. On remand from this Court, *see Fezzani v. Bear, Stearns & Co.*, 716 F.3d 18 (2d Cir. 2013); *Fezzani v. Bear, Stearns & Co.*, 527 F. App'x 89 (2d Cir. 2013) (summary order), the district court dismissed Plaintiffs' state-law claims of conspiracy to defraud and aiding and abetting fraud for failure to demonstrate damages. This appeal follows. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"This litigation arises out of a fraudulent scheme engaged in by a now-defunct broker-dealer, A.R. Baron ('Baron'). Over the course of four years beginning in 1992, Baron defrauded customers of millions of dollars. As a result, Baron's former officers, directors, and key employees have been

2

convicted of various crimes." *Fezzani*, 716 F.3d at 20. In the current action, Plaintiffs seek recovery against Baron and its coconspirators.

The parties submitted on remand competing expert opinions regarding damages. Both Plaintiffs' and Defendants' experts estimated aggregate losses of approximately $6.5 million for what the district court termed "First Type Baron Securities," i.e., shares that were held and traded only in Baron accounts. App. 418, 451. The experts diverged, however, on damages attributable to "Second Type Baron Securities," i.e., shares that had at some point been transferred from or to the same then-stock holders' third-party accounts. Defendants' expert initially estimated aggregate losses of approximately $3 million for Second Type Baron Securities using a "mark to market" approach wherein the market values at the times of transfer were used as proxies for the actual purchase or sale prices of the shares. Defendants' expert subsequently disclaimed any such estimate, however, opining that "without trading records for the firms from which shares were received or to which shares were delivered, it is impossible to determine Plaintiffs' net gains or losses with any degree of certainty." App. 451–52. Plaintiffs' expert did not independently calculate damages attributable to Second Type Baron Securities but nonetheless opined that the "mark to market" methodology was reasonable and in line with "common industry practice." App. 418–21.

The district court "accept[ed]" Defendants' expert's "opinion and analysis," reasoning that any estimate of the losses based on the Second Type Baron Securities must rely on the assumption that "the third party brokerage firms must have operated as mere repositories of Second Type Baron Securities," which "belies common experience" and, in any event, "cannot be verified without trading records or monthly statements." Sp. App. 10. The district court thus concluded that Plaintiffs had failed to establish damages, an essential element of Plaintiffs' claims.[1] Sp. App. 10. On de novo review, *see, e.g.*, *Munoz-Gonzalez v. D.L.C. Limousine Serv., Inc.*, 904 F.3d 208, 212 (2d Cir. 2018), we disagree.

Defendants' theory is that Plaintiffs may have realized profits based on sales of Second Type Baron Securities, which had been transferred to third-party accounts, and that such profits would have been, according to Defendants, the result of a "single wrong," which would decrease the net loss from the fraud and potentially result in net profits. *See Abrahamson v. Fleschner*, 568 F.2d 862, 878 (2d Cir. 1977) ("This is not to say, however, that a plaintiff may recover for losses, but ignore his profits, where both result from a single wrong."). Although *Abrahamson* was based on federal law, New York law appears to be similar. *See, e.g.*, *Chalom v. Liparelli*, 236 A.D.2d 354, 356 (2d Dep't 1997) (plaintiff could not recover for fraud when he lost money from one part of transaction but gained from other parts, resulting in a net profit from the entire fraudulent transaction); *Majestic Export Co. v. Katz & Greenfield, Inc.*, 248 A.D. 205, 206 (1st Dep't 1936) (plaintiff was not entitled to recover damages for fraud and

---

[1] The district court also denied Plaintiffs' motion for reconsideration, Sp. App. 16, but they present on appeal no challenges to that denial.

3

deceit in inducing him to enter a contract because the transaction resulted in a net profit to plaintiff). The district court made no ruling concerning whether potentially realized profits based on sales of Second Type Baron Securities were in fact attributable to Baron's fraudulent scheme, and we conclude that factual disputes with respect to this issue preclude summary judgment on the damages element of Plaintiffs' fraud claims. *See id.* (remanding for further consideration of what profits were properly attributed to the underlying fraud); *see also Minpeco, S.A. v. Conticommodity Servs., Inc.*, 676 F. Supp. 486, 491 (S.D.N.Y. 1987) (concluding that unresolved factual questions on the same issue precluded summary judgment).

More importantly, the district court's and Defendants' reliance on *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), is misplaced. To be sure, Plaintiffs' evidence (or lack thereof) demonstrates potential holes in their theory of damages, but *Celotex* requires Defendants to demonstrate "a complete failure of proof concerning an essential element of [Plaintiffs'] case" sufficient to "necessarily render[] all other facts immaterial." *See id.* at 323. This they have not done. *Celotex* does not require Plaintiffs to *prove* damages to survive summary judgment. *See, e.g.*, *Integrated Waste Servs., Inc. v. Akzo Nobel Salt, Inc.*, 113 F.3d 296, 302–03 (2d Cir. 1997) (concluding that defendant met "its burden of pointing to a gap in plaintiff's proof on a material issue" under *Celotex*, but holding that plaintiffs' "poorly developed" and "meager" record on damages was sufficient to preclude summary judgment and "permit them to introduce more specific evidence at trial").

Defendants alternatively argued for spoliation sanctions based on Plaintiffs' alleged failure to preserve certain records, an issue not reached by the district court. While we take no position on this issue, we note that the district court enjoys broad discretion to impose appropriate discovery sanctions, including adverse-inference instructions, *see generally Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 106–10 (2d Cir. 2002), and the district court is free to consider such sanctions on remand.

We have considered parties' remaining arguments and find them to be without merit. The judgment of the district court is **VACATED**, and the case is **REMANDED** for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court