24-2478(L)
*Fezzani v. Dweck*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of November, two thousand twenty-five.

Present:
> JOSÉ A. CABRANES,
> MICHAEL H. PARK,
> STEVEN J. MENASHI,
> *Circuit Judges.*

---

MOHAMMED FEZZANI, CIRENACA FOUNDATION, JAMES BAILEY, JANE BAILEY, BAYDEL LIMITED, MARGARET BURGESS, PATRICK BURGESS, BOTTLESVILLE TRUST, ADAM CUNG,

> *Plaintiffs-Appellants-Cross-Appellees*,

> v.

ISAAC R. DWECK, INDIVIDUALLY AND AS CUSTODIAN FOR NATHAN DWECK, BARBARA DWECK, MORRIS I. DWECK, RALPH I. DWECK, JACK DWECK, MORRIS WOLFSON, AARON WOLFSON, ESTATE OF ABRAHAM WOLFSON,

> *Defendants-Appellees-Cross-Appellants.*[*]

24-2478(Lead),
24-2536(Con), 24-2538(Con)

---

[*] The Clerk of Court is respectfully directed to amend the caption accordingly.

FOR PLAINTIFFS-APPELLANTS-CROSS-APPELLEES:

MAX FOLKENFLIK, Folkenflik & McGerity, New York, N.Y.

FOR DEFENDANTS-APPELLEES-CROSS-APPELLANTS ISAAC R. DWECK, INDIVIDUALLY AND AS CUSTODIAN FOR NATHAN DWECK, BARBARA DWECK, MORRIS I. DWECK, RALPH I. DWECK, JACK DWECK:

ROBERT A. HOROWITZ, Greenberg Traurig, LLP, New York, N.Y.

FOR DEFENDANTS-APPELLEES-CROSS-APPELLANTS MORRIS WOLFSON, AARON WOLFSON, ABRAHAM WOLFSON:

RICHARD A. KIRBY (Beth-Ann Roth, *on the brief*), R|K Invest Law, PBC, Washington, DC; *with* Ira Lee Sorkin, Mintz & Gold LLP, New York, N.Y.

Appeal from a judgment of the United States District Court for the Southern District of New York (Cronan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the August 14, 2024 judgment of the district court is **AFFIRMED**.

Plaintiffs-Appellants brought this case in 1999, raising claims that arose out of a fraudulent scheme by broker-dealer A.R. Baron ("Baron"). Since 2013, the case has centered around Plaintiffs' New York state-law claims against the Dwecks and the Wolfsons, who Plaintiffs allege were favored insiders who assisted Baron with the fraud and profited from it. On appeal, Plaintiffs challenge the July 19, 2023 dismissal of their conspiracy claim and the August 13, 2024 grant of summary judgment to Defendants on their aiding-and-abetting claim, which together brought this litigation to a close.[1] Defendants cross-appeal several orders rejecting their

---

[1] Plaintiffs also appeal the March 23, 2024 dismissal of the claims by Adam Cung.

2

argument that Plaintiffs lack standing to pursue their claims.[2]   We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.[3]

## I.        Subject-Matter Jurisdiction

"[B]efore deciding any case we are required to assure ourselves that the case is properly within our subject matter jurisdiction."   *Wynn v. AC Rochester*, 273 F.3d 153, 157 (2d Cir. 2001). "We review *de novo* a  district  court's  legal  determinations  regarding  its  subject  matter jurisdiction … and review its factual findings for clear error."   *Rogers v. Petroleo Brasileiro, S.A.*, 673 F.3d 131, 136 (2d Cir. 2012) (internal quotations omitted).

Defendants argue that Plaintiffs do not have Article III standing because in 2000, they assigned their claims to the trustee who oversaw Baron's bankruptcy and the trustee never effectively reassigned those claims back to Plaintiffs.   We construe this argument as one of mootness because Defendants' "jurisdictional challenge addresses events that occurred after [Plaintiffs] filed suit."   *Doe v. McDonald*, 128 F.4th 379, 382 (2d Cir. 2025); *see also Stafford v. Int'l Bus. Machines Corp.*, 78 F.4th 62, 67 (2d Cir. 2023) ("Mootness is standing set in a time frame" and can be assessed with reference to the prerequisites for Article III standing.) (internal quotations omitted).

---

[2]  The Wolfsons cross-appeal the May 4, 2021 denial of their motion for partial summary judgment and the July 21, 2021 denial of reconsideration.   The Dwecks cross-appeal those orders, the district court's March 31, 2022 denial of their motion to dismiss for lack of subject-matter jurisdiction, and the magistrate judge's March 15, 2022 denial of their motion to amend their answer and the district court's March 23, 2023 affirmance of that order.

[3]  We described Plaintiffs' factual allegations and part of the procedural history in several prior decisions in this case.   *See generally Fezzani v. Bear, Stearns & Co.*, 716 F.3d 18 (2d Cir. 2013); *Fezzani v. Bear, Stearns & Co.*, 527 F. App'x 89 (2d Cir. 2013); *Fezzani v. Bear, Stearns & Co.*, 777 F.3d 566 (2d Cir. 2015); *Fezzani v. Dweck*, 779 F. App'x 815 (2d Cir. 2019).

3

Defendants' arguments are unavailing because, even if they are correct that the trustee never re-assigned Plaintiffs' claims back to them, Plaintiffs' original assignment of claims *to* the trustee did not moot their claims. An assignment does not disrupt the prerequisites of Article III standing or mootness: "an assignment does not erase an injury," "sever a pre-existing causal link between that injury and the defendant," or impair redressability. *Fund Liquidation Holdings LLC v. Bank of Am. Corp.*, 991 F.3d 370, 381 (2d Cir. 2021). Further, Rule 25(c) provides that if "an interest is transferred, the action may be continued *by* or against the original party." Fed. R. Civ. P. 25(c) (emphasis added); *see also* Wright & Miller, 7C Fed. Prac. & Proc. Civ. § 1958 (3d ed.) ("Rule 25(c) … applies to ordinary transfers and assignments"). Finally, while Defendants also argue that the trustee later released Plaintiffs' claims against them, that release does not affect our subject-matter jurisdiction. A release is an affirmative defense under Rule 8(c), and "a *defense,* however valid, does not oust the district court of subject matter jurisdiction." *S. New England Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 132 (2d Cir. 2010); Fed. R. Civ. P. 8(c).

The Wolfsons also argue that Plaintiffs lack an injury-in-fact because they already recovered for their injuries from a restitution fund created by Bear Stearns Securities Corporation, Baron's clearing broker, and they will have to remit any damages they recover to the Baron bankruptcy trustee. But "[t]he premise … that an action is necessarily mooted when a plaintiff's damages are reimbursed" is "flawed." *In re State St. Bank & Tr. Co. Erisa Litig.*, 579 F. Supp. 2d 512, 517 (S.D.N.Y. 2008). "Federal courts regularly apply the 'collateral source rule,' which permits a plaintiff to recover damages from a tortfeasor though the plaintiff has already received compensation for its injuries from a third-party and even when such an award would lead to double recovery." *Id.*; *see also Barkanic v. Gen. Admin. of Civ. Aviation of the People's Republic of China*, 923 F.2d 957, 964 n.8 (2d Cir. 1991) ("The collateral source rule prohibits courts from

considering benefits received from *third parties* in determining the extent of the plaintiff's recovery."). The Wolfsons fail to explain why the collateral source rule should not apply here. Further, "an assignee of a legal claim for money owed has standing to pursue that claim in federal court, even when the assignee has promised to remit the proceeds of the litigation to the assignor," so Article III does not require that plaintiffs be entitled to keep their winnings. *Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 271 (2008). Thus, we have subject-matter jurisdiction to consider the merits of Plaintiffs' appeal.

## II.  Rule 12(c) Dismissal of Conspiracy Claim

The district court dismissed Plaintiffs' state-law conspiracy claim under Rule 12(c) as duplicative of their aiding-and-abetting claim. Plaintiffs argue that this decision was erroneous because (i) the mandate of our prior decisions precluded the district court from dismissing the conspiracy claim, (ii) Defendants waived their Rule 12(c) argument, and (iii) dismissal was erroneous on the merits.

"We review *de novo* a district court's decision to grant a motion for judgment on the pleadings pursuant to Rule 12(c)." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 429 (2d Cir. 2011).

The district court correctly granted Defendants' Rule 12(c) motion. First, the "mandate rule" did not preclude the district court's ruling. Under the "mandate rule," "where a case has been decided by an appellate court and remanded, the court to which it is remanded must proceed in accordance with the mandate as was established by the appellate court." *Callahan v. Cnty. of Suffolk*, 96 F.4th 362, 367 (2d Cir. 2024) (alterations adopted). "But the mandate is controlling only as to matters within its compass" so when "the mandate leaves issues open, the lower court may dispose of the case on grounds not dealt with by the remanding appellate court." *In re*

5

*Coudert Bros. LLP*, 809 F.3d 94, 98 (2d Cir. 2015) (internal quotations omitted). This Court's vacatur of the district court's dismissal of Plaintiffs' conspiracy claim under Rule 12(b) was based on our disagreement with the district court's conclusion that the claim was pleaded with insufficient particularity. *See Fezzani*, 716 F.3d at 25; *Fezzani*, 527 F. App'x at 92. Neither we nor the district court considered then whether the conspiracy claim should be dismissed as duplicative of Plaintiffs' aiding-and-abetting claim. *See Fezzani*, 716 F.3d at 25; *Fezzani*, 527 F. App'x at 92; *Fezzani v. Bear, Stearns & Co.*, 592 F. Supp. 2d 410, 430–32 (S.D.N.Y. 2008). The mandate thus left this issue open, and the district court was free to dispose of the conspiracy claim on these grounds.

Second, Defendants did not waive their argument by failing to raise it in their Rule 12(b) motion to dismiss. Parties may move for dismissal under Rule 12(c), even after filing other Rule 12 motions. *See* Fed. R. Civ. P. 12(g), (h)(2). "Thus, the defense of failure to state a claim is not waivable." *Patel v. Contemp. Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001). And while Rule 12(c) requires motions to be made "early enough not to delay trial," Plaintiffs have not argued that Defendants' motion was so late as to delay trial. Fed. R. Civ. P. 12(c).

Finally, the district court correctly dismissed Plaintiffs' conspiracy claim as duplicative of their aiding-and-abetting claim. "[I]n New York there is no separate tort of conspiracy, [so] allegations of conspiracy are permitted [only] to connect the actions of separate defendants with an otherwise actionable tort." *Am. Baptist Churches of Metro. N.Y. v. Galloway*, 271 A.D.2d 92, 101 (1st Dep't 2000) (internal quotations omitted). New York courts and federal courts applying New York law thus dismiss conspiracy claims when they duplicate claims asserting the actionable torts or other theories of secondary liability for those torts. *See id.* (dismissing "redundant" conspiracy claim); *Aetna Cas. & Sur. Co. v. Aniero Concrete Co.*, 404 F.3d 566, 591 (2d Cir. 2005)

6

(dismissing when plaintiff attempted to "reallege a tort asserted elsewhere in the complaint in the guise of a separate conspiracy claim"). Here, the facts alleged in support of Plaintiffs' conspiracy claim were identical to those alleged in support of Plaintiffs' aiding-and-abetting claim. *See* Joint App'x at 1847–48 (amended complaint alleging conspiracy based on "the unlawful acts described above" and aiding-and-abetting fraud based on "the fraud as outlined in detail above"). Plaintiffs' argument that their allegations of Defendants' "overt acts" in furtherance of the conspiracy are distinct from the allegations underlying their aiding-and-abetting claim has no basis in their complaint or in the law. *See In re Platinum-Beechwood Litig.*, 427 F. Supp. 3d 395, 476 (S.D.N.Y. 2019) (noting the overlap in the elements of civil conspiracy and aiding and abetting). The district court thus properly dismissed the conspiracy claim.

### III.     Summary Judgment on Aiding-and-Abetting Claim

Plaintiffs also appeal the district court's grant of summary judgment to Defendants on Plaintiffs' aiding-and-abetting claim. "We review a district court's grant of summary judgment *de novo*, resolving all ambiguities and drawing all permissible inferences in favor of the nonmoving party." *Souza v. Exotic Island Enters., Inc.*, 68 F.4th 99, 108 (2d Cir. 2023) (citation omitted).

The district court granted Defendants' motion for summary judgment because "actual knowledge is required to impose liability on an aider and abettor under New York law," *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 292 (2d Cir. 2006) (internal quotations omitted), and Plaintiffs did not create a material dispute of fact as to whether Defendants had "actual knowledge" of the fraud. Plaintiffs challenge that conclusion on two grounds. First, they argue that the district court misconstrued the fraud at issue. Second, they argue that their evidence—specifically,

declarations by Baron's former CEO and its lead broker—prove that Defendants had knowledge of the fraud.

We disagree. The theory of fraud Plaintiffs alleged in their complaint was that Baron "cause[d] plaintiffs to form false impressions in plaintiffs' minds that the [securities Baron sold] were trading in legitimate, competitive, liquid markets and that prices at which such securities traded were *bona fide* and not the product of manipulation." Joint App'x at 1847; *see also id.* at 1740. Plaintiffs tried to assert a more expansive theory of fraud when opposing Defendants' summary judgment motion, and they urge on appeal that the relevant fraud was based on "statement[s] that Baron was a legitimate brokerage firm engaged in legitimate trading" and the "omission to disclose the entire Baron enterprise was in fact fraudulent." Appellants' Br. at 18. But a district court does not abuse its discretion in "failing to consider plaintiff's new theories of liability" raised for the first time in opposition to summary judgment, especially when those theories are raised over twenty years into a case. *Lyman v. CSX Transp., Inc.*, 364 Fed. App'x 699, 702 (2d Cir. 2010).

Plaintiffs did not create a material dispute as to whether Defendants had "actual knowledge" of the relevant fraud. "Actual knowledge" can be proven with direct evidence or it can be "discerned from the surrounding circumstances." *Krys v. Pigott*, 749 F.3d 117, 127 (2d Cir. 2014) (internal quotations omitted). Plaintiffs offer neither type of proof. The declaration by Baron's former CEO states that the Wolfsons "were members of a small group of favored customers at A.R. Baron who received special treatment and pre-arranged securities trades in exchange for providing capital to the firm and permitting their accounts to be used for parking shares of A.R. Baron 'house stocks'" and that the Wolfsons "understood the nature of this arrangement." Joint App'x at 1095. And the declaration by Baron's former lead broker states

that Isaac Dweck "was often in the Baron office and consulted with [Baron's CEO] about the operation of the firm." *Id.* at 3854. These statements do not suggest that Defendants knew about the alleged fraud, as aiding-and-abetting claims require. *See, e.g.*, *Heinert v. Bank of Am. N.A.*, 835 Fed. App'x 627, 631 (2d Cir. 2020) ("[A]ctual knowledge of … misrepresentations … do not suffice to show that [defendants] had actual knowledge of the … Ponzi scheme, the fraud on which the aiding-and-abetting claim relies."); *Lerner*, 459 F.3d at 293 (2d Cir. 2006) (distinguishing allegations of knowledge of "improper conduct" from "actual knowledge of [defendant's] outright looting of client funds"). Plaintiffs thus failed to create a material dispute of fact on an essential element of their aiding-and-abetting claim and the district court was correct to grant summary judgment to Defendants on that claim.

\* \* \*

Plaintiffs' appeal of the dismissal of the claims of Adam Cung is moot in light of our conclusions above. We have considered Plaintiffs' remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

9